Entered on Docket October 14, 2026

**Below is the Order of the Court.**

**Christopher M. Alston**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**


Christopher M. Alston
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5330


IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>Cristina Nicoleta Suciu,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-13201-CMA<br><br>ORDER ON MOTION TO SHORTEN TIME ON NADLAN GROUP LLC'S MOTION TO DISMISS WITH 365-DAY BAR TO REFILING |

This matter came before the Court on Nadlan Group LLC's Motion to Shorten Time on Nadlan Group LLC's Motion to Dismiss With 365-Day Bar to Refiling (the "Motion") [ECF No. 20]. The Court considered the Motion and the records and files in this case and makes the following findings and conclusions.

Motions to shorten time are disfavored. Local Bankr. R. 9013-1(d)(3)(A). On October 1, 2026, Nadlan Group, LLC ("Nadlan") filed a letter requesting to schedule a special set hearing on October 15, 2026, for an emergency motion to dismiss. *See* ECF No. 14. The letter contains the following statement:

> If this special set hearing request is granted, then Nadlan will promptly file and serve its Emergency Motion to Dismiss, its Motion to Shorten Time, and all related notices, declarations, exhibits, proposed orders, and certificates of service.

*Id.* The Court promptly contacted Nadlan's counsel by telephone on October 2, 2026, and advised counsel that the Court would allow Nadlan to specially set the hearing on its motion to dismiss on either October 13 or October 16. The Court made clear to Nadlan that it would need to seek a motion to shorten time and that there was no promise that the Court would grant that request.[1]

Ten days later, on October 12, 2026, Nadlan filed the Motion and the motion to dismiss. *See* ECF Nos. 18 and 20. That same afternoon, counsel for Nadlan first informed Ms. Suciu's counsel that he would be seeking a hearing on the motion to dismiss on October 16, 2026. *See* ECF No. 21. ¶4, and 21-1, p. 2. Notably, October 12 was a federal holiday.

In sum, Nadlan waited a week and half before taking any action. This delay negates any assertion that Nadlan faces exigent or emergency circumstances. Moreover, any alleged emergency is dwarfed by the requested denial of due process to Ms. Suciu. The Court authorized

---

[1] In an email to counsel for Cristina Suciu, who vigorously opposes the motion to shorten time, counsel for Nadlan stated the following: "I have requested a special set, shortened time, hearing date of Friday, October 16, 2026, at 9:30 A.M. for Judge Alston to hear Nadlan's Motion to Remand. Judge Alston has granted this request." *See* ECF Nos. 21-1, p. 2, and 24-2, p. 1. Counsel for Nadlan clarified that the email should have said "Nadlan's Motion to Dismiss With a 365-Day Bar to Refiling" and not "Nadlan's Motion to Remand." *See* ECF Nos. 21-1, p. 1, and 24-2, p. 2. If counsel meant by this statement that he understood the Court had granted his unfiled motion to shorten time for hearing on an unfiled motion to dismiss, then he was mistaken.

Nadlan to set a hearing on October 13 or 16 with the expectation that Nadlan would file the Motion and motion to dismiss that same day or by no later than October 5. Had Nadlan filed the motions on the 5th, the Court would have considered the Motion because Ms. Suciu's counsel would have received at least eight to eleven days' notice. But Nadlan waited ten days and filed—on a holiday—the Motion that seeks a hearing on October 16, thus affording Ms. Suciu only four days' notice when Nadlan could have provided much more. To conduct a hearing on the motion to dismiss that, if granted, would effectively result in dismissal of this case with a 365-day bar to refiling on limited notice would constitute a dramatic denial of due process. Now, therefore, it is hereby,

ORDERED the Motion is DENIED.

///END OF ORDER///